IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NUTRAMAX LABORATORIES, INC, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:26-CV-314-RP |
| | § | |
| ECO KOMMERCE LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiffs' Nutramax Laboratories, Inc., Nutramax Laboratories

Veterinary Sciences, Inc., and Nutramax Laboratories Consumer Care, Inc.'s (together, "Nutramax")

Motion for Expedited Discovery. (Dkt. 28). No Defendant has yet appeared and no Defendant has

responded to the Motion, though Nutramax has served five Defendants and received

communication from three of them, and Nutramax attempted to mail its Motion to all Defendants.

(*Id.* at 3, 11–12).

Nutramax seeks limited expedited discovery to allow it to identify and locate all Defendants

and to locate the counterfeit products at issue. (*Id.* at 3). Specifically, Nutramax seeks discovery

related to:

> (1) the scope of the Defendants' counterfeiting business; (2) the true identity and
> location of the Defendants and any unknown Defendants; (3) the source and location
> of the counterfeit products; (4) the assets of the Defendants; (5) contact information
> for the customers who purchased the counterfeit products; and (6) how much
> counterfeit product has been sold.

(*Id.* at 8).

Federal Rules of Civil Procedure 34(b) and 26(d) allow a party to seek expedited discovery,

and the Fifth Circuit has permitted such discovery in certain circumstances. *See, e.g., FMC Corp. v.

Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing

expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Res. Grp.*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery). Although the Federal Rules of Civil Procedure do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either a "preliminary-injunction-style analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16–CV–41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016).

The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard. *Id.* "In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240.

Here, there is no preliminary injunction pending. However, the Court finds that the discovery requested is reasonably narrow and tailored to this stage of proceedings, with the exception of discovery related to the contact information of customers who purchased allegedly counterfeit products, which the Court finds is beyond the necessary scope of expedited discovery. The Court also finds that the requested discovery—with slight modifications, including amendments to response deadlines—will allow the case to proceed in a reasonable and timely manner and that such discovery will not be excessively burdensome on Defendants. The Court also notes that despite

at least some Defendants having notice of this action, no Defendant has appeared or objected to Nutramax's Motion.

Therefore, **IT IS ORDERED** that Nutramax's Motion for Expedited Discovery, (Dkt. 28), is **GRANTED**. Nutramax may proceed with discovery as of the date of this order on the following topics, and any topic reasonably related thereto, for the next sixty days:

- the scope of the Defendants' counterfeiting business;

- the true identity and location of the Defendants and any unknown Defendants;

- the source and location of the counterfeit products;

- the assets of the Defendants; and

- how much counterfeit product has been sold.

Nutramax may only serve discovery upon a Party to this lawsuit if the Party has been properly served. Any discovery request, deposition notice, or subpoena served pursuant to this Order shall be accompanied by a copy of this Order.

Any discovery request Nutramax serves upon a Party to this lawsuit shall be limited to no more than ten (10) requests for production and five (5) interrogatories. A Party served with such discovery shall serve its responses (including responsive documents) thereto within ten (14) calendar days after service. Nutramax may also depose any and all Parties on the topics stated above (or topics related thereto).

Any subpoena Nutramax serves upon a non-party that requests the production of documents, information, or objects shall be limited to no more than ten (10) requests for production. A non-party served with such a subpoena shall provide responsive documents, information or objects within ten (14) calendar days after service, unless otherwise agreed to by the respective parties. A non-party served with a subpoena for deposition shall make themselves available (or make a corporate representative available, in the case of a business entity non-party) as

soon as reasonably practicable, but no more than ten (14) calendar days after service, unless otherwise agreed to by the respective parties. Any subpoena Nutramax serves upon a non-party that requests inspection of premises may require the inspection to be conducted on no less than three (3) days' notice, and the non-party shall allow the inspection to occur no more than ten (14) calendar days after service, unless otherwise agreed to by the respective parties.

No discovery conducted pursuant to this Order shall count against any of the limits on discovery requests and depositions under the Federal Rules of Civil Procedure.

**SIGNED** on June 11, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4