AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC., et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  1:26-cv-00314-RP |
| ECO KOMMERCE LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  WhatsApp LLC, c/o its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A (definitions, instructions, and document requests) and Attachment 1 thereto. This subpoena is issued pursuant to, and is accompanied by a copy of, the Court's Expedited Discovery Order (Dkt. 29).

| Place: Blue Peak Law Group LLP, c/o Robert Magee, 922 Cordilleras Ave, San Carlos, CA 94070 (electronic production permitted per Exhibit A) | Date and Time:<br><br>August 11, 2026 at 5:00 p.m. (PT) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    7/28/2026

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs Nutramax Laboratories, Inc., et al.    , who issues or requests this subpoena, are:

Justin Constant, Blue Peak Law Group LLP, 3139 West Holcombe Blvd., PMB 8160, Houston, TX 77025; justin@bluepeak.law; Tel: (832) 331-3717

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:26-cv-00314-RP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC., NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC., and NUTRAMAX LABORATORIES CONSUMER CARE, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>ECO KOMMERCE LLC; SAMRA REHMAN; AMAN; RASHEED HASSAM; BEAMER LLC; BELAL SHWEL; MUHAMMAD AWAIS HANIF; USA WORK SOLUTIONS LLC; the Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Accounts "DealsHTX," "luxemerchandise," "apex-gobal-store," "aayash," "SUPER DEALS 804," "brixomart," "primeusawarehouse," "ameristockstore," "vital_edge," "mwaqase-22"; and JOHN DOES 1 THROUGH 10, each of which is an Individual, Partnership, Business Entity, or Unincorporated Association,<br><br>    Defendants. | Civil Action No. 1:26-cv-00314-RP<br><br>**JURY TRIAL DEMANDED** |

**EXHIBIT A**

Pursuant to Federal Rule of Civil Procedure 45 and the enclosed Expedited Discovery Order (Dkt. 29; the "Order"), Plaintiffs Nutramax Laboratories, Inc., Nutramax Laboratories Veterinary Sciences, Inc., and Nutramax Laboratories Consumer Care, Inc. (collectively, "Nutramax") hereby request that WhatsApp LLC ("WhatsApp") produce the documents requested below.

Each document request is addressed to the knowledge of WhatsApp, as well as to the knowledge, information, or documents in the possession, custody or control of WhatsApp and

WhatsApp's attorneys, accountants, agents, employees, officers, directors, investigators, consultants, and other representatives.

Production and inspection of documents pursuant to these Requests shall be provided electronically by 5:00 PM Pacific on the day falling fourteen (14) days after service of this subpoena. Production shall be made to Blue Peak Law Group LLP, c/o Robert Magee, 922 Cordilleras Ave, San Carlos, CA 94070, or at such other time and place as may be mutually agreed upon. To arrange electronic delivery, please contact Justin Constant using the contact information on the subpoena.

If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document requested to be produced, please provide a written statement that describes the factual basis of the purported privilege or claim of work product in sufficient detail so as to permit the Court to adjudicate the validity of such claim.

## **DEFINITIONS**

The following definitions apply with respect to each of the following requests for production and each of the terms defined below, when used in any request for production, shall have the meaning given herein:

1.      "Action" shall mean *Nutramax Laboratories, Inc. et al. v. Eco Kommerce LLC et al.*, Civil Action No. 1:26-cv-00314-RP (W.D. Tex.).

2.      "Complaint" means the First Amended Complaint filed in the Action (Dkt. 16).

3.      "You", "Your", or "WhatsApp" means and includes WhatsApp LLC and its officers, directors, employees, partners, corporate parents, subsidiaries, and affiliates.

4.      "Defendant Accounts" means all WhatsApp accounts participating in the WhatsApp conversations shown in Attachment 1 to this Exhibit A, including without limitation

2

the account associated with the phone number "+92 312 0643235" (M. Bilal) and any WhatsApp account associated with the phone number "832-603-2224" (Muhammad Awais Hanif).

5.     "Document" is defined, pursuant to WDTX LR CV-26(b)(2), to be any document or electronically stored information as described in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

6.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), pursuant to WDTX LR CV-26(b)(1).

7.     "Concerning" means relating to, referring to, describing, evidencing or constituting, pursuant to WDTX LR CV-26(b)(7).

8.     "Person" is defined as any natural person or business, legal, or governmental entity or association, pursuant to WDTX LR CV-26(b)(6).

9.     "Identify" has the following meanings in the following contexts:

a.  When used with respect to a Person, "identify" means to give, to the extent known, the person's full name, present or last known address, email address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment, pursuant to WDTX LR CV-26(b)(3).

b.  When used with respect to a Document, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s), pursuant to WDTX LR CV-26(b)(4).

c.  When used with respect to a place, "identify" means to provide the address, city or town, county, and state where that place is located.

10.     The terms "all", "any", and "each" shall each be construed as encompassing any and all.

11.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.     The use of the singular form of any word includes the plural and vice versa.

13.     The masculine form of any word shall embrace, and shall be read and applied as embracing, the feminine and the neuter.

14.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

15.     If any privilege is claimed with respect to any document, the production of which would otherwise be required by Your response to any of these requests for production, please provide the following with respect to each such document at the time of Your responses to such discovery or disclosure:

    a.  the type of document, e.g., letter or memorandum;

    b.  the general subject matter of the document;

    c.  the date of the document; and

    d.  the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

4

## **DOCUMENT REQUESTS**

These requests seek only non-content records within the meaning of 18 U.S.C. § 2702(c)(6) and do not seek the contents of any communication as defined in 18 U.S.C. § 2510(8). Unless otherwise specified in a particular Request, each Request is limited to the period from January 1, 2025 through the date of production.

1.     Documents sufficient to Identify each Person who owns, is authorized to use, or is in any way listed in connection with the Defendant Accounts.

2.     Documents sufficient to Identify any other WhatsApp or other Meta Accounts (the "Other Accounts") associated in any way with the Defendant Accounts, including without limitation accounts associated with the same device identifier, telephone number, email address, or Internet Protocol address as any Defendant Account.

3.     Documents sufficient to Identify each Person who owns, is authorized to use, or is in any way listed in connection with the Other Accounts.

4.     All Documents and Communications between You and any Person identified by Documents produced in response to Request Nos. 1 and 3 above Concerning the registration, ownership, control, or operation of the Defendant Accounts or Other Accounts, and excluding the contents of any communication among users of WhatsApp's Service.

5.     Copies of all agreements or contracts between You and any Person identified by Documents produced in response to Request Nos. 1 and 3 above.

6.     Documents and records sufficient to Identify, for each Defendant Account and each Other Account, the subscriber or registrant's name, address, email address, and telephone number; the date the account was created or registered; and the length and types of service utilized.

7.      Documents and records sufficient to Identify, for each Defendant Account and each Other Account, the non-content connection and device information for the account, including records of session times and durations (log-in and log-out dates and times), the Internet Protocol addresses and any temporarily assigned network addresses used to register or access the account, and the device identifier(s) associated with the account.

8.      Documents and records sufficient to Identify, for any Defendant Account or Other Account, the Communications involving that account, including the date, time, and participants of each Communication. This Request seeks only non-content transactional and addressing information and does not seek the contents of any Communication as defined in 18 U.S.C. § 2510(8).

# ATTACHMENT 1

WhatsApp conversation screenshots referenced in Exhibit A
(definition of "Defendant Accounts")

*Nutramax Laboratories, Inc. et al. v. Eco Kommerce LLC et al.*
No. 1:26-cv-00314-RP (W.D. Tex.)

◀ Facebook

**‹ 190**  👥  **Prep- Bilal- USA**
Investack Logistics Official, Manager...  📹⌄

Sunday
Today

AA @~M. Bilal
hope you are doing wel  1:12 AM ✓

we are sorting legal matter, trying to reply them via attorney.  1:13 AM ✓

Please provide the following details:

Owner's Full Name

Company Name

Complete Company Address

Country/State where the company is registered

Ownership details (names of all owners/ shareholders)

Contact Phone Number

please provide these details for your company.  1:13 AM ✓

~ M. Bilal  +92 312 0643235

> You
> AA @~M. Bilal
> hope you are doing wel

WS  1:15 AM

~ M. Bilal  +92 312 0643235

＋

◀ Facebook

< 190    Prep- Bilal- USA
Investack Logistics Official, Manager...

please provide these details for your
company.    Today                1:13 AM ✓

~M. Bilal  +92 312 0643235

You
AA @~M. Bilal
hope you are doing wel

WS                    1:15 AM

~M. Bilal                    +92 312 0643235

You
Please provide the following details:

Owner's Full Name

For brixomart that was mentioned in the
list of different accounts?            1:16 AM

~M. Bilal                    +92 312 0643235
For brixomart that was mentioned in the list of
different accounts?

Amongs those
Which are your companies, pl mention
                              1:19 AM ✓

~M. Bilal                    +92 312 0643235
There was a name of beamer llc
That is not a company or any account
name, just a random name for your
warehouse that I choose

And other one is brixomart that is
Pakistani based person pakistani detail
account, not a company        1:21 AM

+



◀ Facebook

‹ 190    **Prep- Bilal- USA**
Investack Logistics Official, Manager...

different accounts?

Amongs those
Which are your companies, pl mention

1:19 AM ✓

~M. Bilal                    +92 312 0643235
There was a name of beamer llc
That is not a company or any account
name, just a random name for your
warehouse that I choose

And other one is brixomart that is
Pakistani based person pakistani detail
account, not a company        1:21 AM

▶ ●||||||||·||||||||||||||||·||||||||·
0:10                                    1:23 AM ✓

~M. Bilal                    +92 312 0643235

You
🎤 Voice message (0:10)

Let me share details of that account that
is available                    1:23 AM

Please share brixomart details @~haseeb
baig                            1:24 AM

There is no company registered for
brixomart
It is only storefront name      1:24 AM

Let me share details   1:24 AM

~M. Bilal                    +92 312 0643235

+



◄ Facebook

**< 190**    👥    **Prep- Bilal- USA**
Investack Logistics Official, Manager...    📹˅

~M. Bilal    **Today** 92 312 0643235

~M. Bilal    +92 312 0643235
Let me share details

**@~haseeb baig** please share    1:25 AM

~M. Bilal    +92 312 0643235
There is no company registered for brixomart
It is only storefront name

Then give company details on which store
brixomart is established    1:27 AM ✓

And share screenshot that brixomart is
associated account of this LLC
1:28 AM ✓

SO We can create relevance    1:28 AM ✓

~M. Bilal    +92 312 0643235

You
Then give company details on which store brixomart
is established

There is no need of any company to
establish pakistani account    1:29 AM

~M. Bilal    +92 312 0643235

You
And share screenshot that brixomart is associated
account of this LLC

Which llc?
Beamer llc is not an llc its just a random
name picked for labels    1:29 AM

We can share label that is used on

\+    😀    📷    🎤

◀ Facebook

< 190  ⬤⬤  **Prep- Bilal- USA**
Investack Logistics Official, Manager...  ▭◁˅

1:28 AM ✓

SO We can create relevance  1:28 AM ✓

**~M. Bilal**  +92 312 0643235

> You
> Then give company details on which store brixomart is established

There is no need of any company to establish pakistani account  1:29 AM

**~M. Bilal**  +92 312 0643235

> You
> And share screenshot that brixomart is associated account of this LLC

Which llc?
Beamer llc is not an llc its just a random name picked for labels  1:29 AM

We can share label that is used on brixomart that shows tha beamer llc name on it  1:30 AM

For that product if available  1:30 AM

If that is sold on that account
Let me check that and share with you  1:30 AM

Do share  1:30 AM ✓

Also, beamer llc, need details of this llc  1:31 AM ✓

Even though you are saying its nothing but still we need some proofs for that as this name is in law suit  1:31 AM ✓

+  [                    ]



◀ Facebook

< 190   **Prep- Bilal- USA**
Investack Logistics Official, Manager...

Today

Do share   1:30 AM ✓

Also, beamer llc, need details of this llc
1:31 AM ✓

Even though you are saying its nothing
but still we need some proofs for that as
this name is in law suit   1:31 AM ✓

~ M. Bilal   +92 312 0643235

> **You**
> Also, beamer llc, need details of this llc

This is not an llc
Just a random name picked for ship from
address name   1:31 AM

~ M. Bilal   +92 312 0643235

> **You**
> Even though you are saying its nothing but still we
> need some proofs for that as this name is in law suit

Let me know what we can give about this
1:31 AM

We can show label for brixomart order
that shows beamer llc name
That shows the order is for beixomart but
name used is beamer llc
So beamer llc is not an entity the real
account is brixomart not beamer llc
1:33 AM

> ~ M. Bilal   +92 312 0643235
> This is not an llc
> Just a random name picked for ship from address
> name

+

◀ Facebook

< 190    👥    **Prep- Bilal- USA**
                Investack Logistics Official, Manager...    📹ˇ

Even though you are saying its nothing but still we need some proofs for t **Today** s name is in law suit

Let me know what we can give about this

1:31 AM

We can show label for brixomart order that shows beamer llc name
That shows the order is for beixomart but name used is beamer llc
So beamer llc is not an entity the real account is brixomart not beamer llc

1:33 AM

> **~ M. Bilal**                    +92 312 0643235
> This is not an llc
> Just a random name picked for ship from address name

That random name is in law suit
Now we have to provide details of that llc

1:33 AM ✓

**~ M. Bilal**                    +92 312 0643235
It was always just a name    1:33 AM

> **~ M. Bilal**                    +92 312 0643235
> We can show label for brixomart order that shows beamer llc name
> That shows the order is for beixomart but name us...

Waiting for details

1:33 AM ✓

Also, brixomart details needed    1:33 AM ✓

**~ M. Bilal**                    +92 312 0643235
I can share label that shows all this    1:33 AM

**~ M. Bilal**                    +92 312 0643235

+    [                    ]

◀ Facebook

‹ 190  👥  **Prep- Bilal- USA**
Investack Logistics Official, Manager...  📹˅

~ M. Bilal  +92 312 0643235
This is not an llc
Just a random name picked for ship from address name

That random name is in law suit
Now we have to provide details of that llc
1:33 AM ✓

~ M. Bilal  +92 312 0643235
It was always just a name  1:33 AM

~ M. Bilal  +92 312 0643235
We can show label for brixomart order that shows beamer llc name
That shows the order is for beixomart but name us...

Waiting for details  1:33 AM ✓

Also, brixomart details needed  1:33 AM ✓

~ M. Bilal  +92 312 0643235
I can share label that shows all this  1:33 AM

~ M. Bilal  +92 312 0643235

You
That random name is in law suit
Now we have to provide details of that llc

We can't share details that doesn't exist
1:33 AM

~ M. Bilal  +92 312 0643235

You
Also, brixomart details needed

Sure collecting  1:34 AM



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NUTRAMAX LABORATORIES, INC, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:26-CV-314-RP |
| | § | |
| ECO KOMMERCE LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiffs' Nutramax Laboratories, Inc., Nutramax Laboratories

Veterinary Sciences, Inc., and Nutramax Laboratories Consumer Care, Inc.'s (together, "Nutramax")

Motion for Expedited Discovery. (Dkt. 28). No Defendant has yet appeared and no Defendant has

responded to the Motion, though Nutramax has served five Defendants and received

communication from three of them, and Nutramax attempted to mail its Motion to all Defendants.

(*Id.* at 3, 11–12).

Nutramax seeks limited expedited discovery to allow it to identify and locate all Defendants

and to locate the counterfeit products at issue. (*Id.* at 3). Specifically, Nutramax seeks discovery

related to:

> (1) the scope of the Defendants' counterfeiting business; (2) the true identity and
> location of the Defendants and any unknown Defendants; (3) the source and location
> of the counterfeit products; (4) the assets of the Defendants; (5) contact information
> for the customers who purchased the counterfeit products; and (6) how much
> counterfeit product has been sold.

(*Id.* at 8).

Federal Rules of Civil Procedure 34(b) and 26(d) allow a party to seek expedited discovery,

and the Fifth Circuit has permitted such discovery in certain circumstances. *See, e.g.*, *FMC Corp. v.*

*Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing

1

expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Res. Grp.*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery). Although the Federal Rules of Civil Procedure do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either a "preliminary-injunction-style analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16–CV–41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016).

The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard. *Id.* "In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240.

Here, there is no preliminary injunction pending. However, the Court finds that the discovery requested is reasonably narrow and tailored to this stage of proceedings, with the exception of discovery related to the contact information of customers who purchased allegedly counterfeit products, which the Court finds is beyond the necessary scope of expedited discovery. The Court also finds that the requested discovery—with slight modifications, including amendments to response deadlines—will allow the case to proceed in a reasonable and timely manner and that such discovery will not be excessively burdensome on Defendants. The Court also notes that despite

2

at least some Defendants having notice of this action, no Defendant has appeared or objected to Nutramax's Motion.

Therefore, **IT IS ORDERED** that Nutramax's Motion for Expedited Discovery, (Dkt. 28), is **GRANTED**. Nutramax may proceed with discovery as of the date of this order on the following topics, and any topic reasonably related thereto, for the next sixty days:

- the scope of the Defendants' counterfeiting business;

- the true identity and location of the Defendants and any unknown Defendants;

- the source and location of the counterfeit products;

- the assets of the Defendants; and

- how much counterfeit product has been sold.

Nutramax may only serve discovery upon a Party to this lawsuit if the Party has been properly served. Any discovery request, deposition notice, or subpoena served pursuant to this Order shall be accompanied by a copy of this Order.

Any discovery request Nutramax serves upon a Party to this lawsuit shall be limited to no more than ten (10) requests for production and five (5) interrogatories. A Party served with such discovery shall serve its responses (including responsive documents) thereto within ten (14) calendar days after service. Nutramax may also depose any and all Parties on the topics stated above (or topics related thereto).

Any subpoena Nutramax serves upon a non-party that requests the production of documents, information, or objects shall be limited to no more than ten (10) requests for production. A non-party served with such a subpoena shall provide responsive documents, information or objects within ten (14) calendar days after service, unless otherwise agreed to by the respective parties. A non-party served with a subpoena for deposition shall make themselves available (or make a corporate representative available, in the case of a business entity non-party) as

3

soon as reasonably practicable, but no more than ten (14) calendar days after service, unless otherwise agreed to by the respective parties. Any subpoena Nutramax serves upon a non-party that requests inspection of premises may require the inspection to be conducted on no less than three (3) days' notice, and the non-party shall allow the inspection to occur no more than ten (14) calendar days after service, unless otherwise agreed to by the respective parties.

No discovery conducted pursuant to this Order shall count against any of the limits on discovery requests and depositions under the Federal Rules of Civil Procedure.

**SIGNED** on June 11, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4