**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| NUTRAMAX LABORATORIES, INC., NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC., and NUTRAMAX LABORATORIES CONSUMER CARE, INC., <br><br> Plaintiffs, <br> v. <br><br> ECO KOMMERCE LLC; SAMRA REHMAN; AMAN; RASHEED HASSAM; BEAMER LLC; BELAL SHWEL; MUHAMMAD AWAIS HANIF; USA WORK SOLUTIONS LLC; the Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Accounts "DealsHTX," "luxemerchandise," "apex-gobal-store," "aayash," "SUPER DEALS 804," "brixomart," "primeusawarehouse," "ameristockstore," "vital_edge," "mwaqase-22"; and JOHN DOES 1 THROUGH 10, each of which is an Individual, Partnership, Business Entity, or Unincorporated Association, <br><br> Defendants. | Civil Action No. 1:26-cv-00314-RP <br><br> **JURY TRIAL DEMANDED** |

**NUTRAMAX'S RESPONSE IN OPPOSITION TO
DEFENDANTS MUHAMMAD AWAIS HANIF AND USA WORK SOLUTIONS LLC'S
<u>REQUEST TO DISMISS</u>**

Plaintiffs Nutramax Laboratories, Inc., Nutramax Laboratories Veterinary Sciences, Inc.,

and Nutramax Laboratories Consumer Care, Inc. (collectively, "Nutramax") submit this response

in opposition to the Request to Dismiss and Remove Muhammad Awais Hanif and USA Work

Solutions LLC from the Lawsuit filed by Defendants Muhammad Awais Hanif ("Hanif") and USA Work Solutions LLC ("USA Work Solutions"; collectively with Hanif, "Defendants") on July 15, 2026. (Dkt. 31; the "Motion."[1]) Although not styled as such, Nutramax understands the Motion to constitute, at best, a belated motion to dismiss the First Amended Complaint (Dkt. 16; the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] and responds accordingly. The Motion should be denied because it fails to challenge the legal sufficiency of the Complaint's allegations. Additionally, the Motion should be denied as to USA Work Solutions because USA Work Solutions, a limited liability company, is not permitted to represent itself *pro se*.

## I.    INTRODUCTION

On February 10, 2026, Nutramax filed this lawsuit to combat the rampant advertising, sale, and distribution of counterfeit human and animal health supplement products bearing Nutramax's federally registered trademarks and copyrighted packaging designs. (*See* Dkt. 1.) The named defendants included the individuals and entities behind several eBay.com ("eBay") accounts through which counterfeits of Nutramax's COSAMIN®, COSEQUIN®, and PROVIABLE® products have been sold, as well as the individuals and entities identified as the return addressees for the counterfeit shipments. (*Id.* ¶¶ 6–17.) Nutramax asserted federal causes of action for

---

[1] Although Defendants, in attempting to proceed *pro se*, have styled their filing as a "Request," Plaintiff will treat the filing as if it were styled as a Motion requesting dismissal of the Complaint.
[2] The Motion was filed more than 21 days after service of the Complaint on Defendants (who were served on May 5, 2026; *see* Dkts. 23 and 24). Because a motion to dismiss is required to be filed within 21 days of service under Federal Rule of Civil Procedure 12, courts in this Circuit typically review an untimely motion filed under Rule 12(b)(6) as a Rule 12(c) motion for judgment on the pleadings. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). But because the standard of review is the same for a Rule 12(c) motion and a 12(b)(6) motion, the Motion fails regardless. *See Lopez v. Sanchez-Navarro*, No. EP-11-CV-102-DB, 2011 WL 13234660, at *2 (W.D. Tex. Aug. 31, 2011) ("[T]he Court applies the same standard to a Rule 12(c) motion as a Rule 12(b)(6) motion.").

counterfeiting, false designations of origin, and copyright infringement along with related claims under Texas common law. (*Id.* ¶¶ 109–51.)

On March 3, 2026, Nutramax filed the First Amended Complaint to name additional defendants, including several individuals and entities who, upon information and belief, facilitated the sale and/or distribution of counterfeit Nutramax products purchased through eBay. (*See generally* Complaint.) Among the newly added defendants were Hanif and USA Work Solutions. (*Id.* ¶¶ 20–21.) The shipments of counterfeit products sold by six of the eBay sellers identified in the First Amended Complaint bore the same return address as one of USA Work Solutions' business locations in Houston. (*Id.* ¶¶ 13–18, 20.) Nutramax therefore has reason to believe that USA Work Solutions and Hanif, who is identified as USA Work Solutions' director, owner, and registered agent, participated in the sale and/or distribution of the counterfeit products at issue. (*See id.* ¶¶ 20–21.)

In the Motion, Defendants claim they were wrongly named in this lawsuit and request that the claims against them be dismissed. (Motion p. 2.) For the reasons set forth below, the Motion fails to meet the legal standard for a 12(b)(6) motion to dismiss or to identify any other legally cognizable basis for the dismissal of Nutramax's claims against Defendants. Nutramax therefore respectfully requests that the Court deny Defendants' Motion in full.

## II.    LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When evaluating a 12(b)(6) motion, all "well-pleaded facts are to be accepted as true and viewed in the light most favorable to [the plaintiff]." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 510 (5th Cir. 2016). Dismissal is appropriate "only if it is clear that the plaintiff can prove no set of facts consistent with the allegations of the complaint that would entitle him to relief." *Forte v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:05-CV-1417-N, 2007 WL 9712189, at *2 (N.D. Tex. Mar. 6, 2007).

## III. ARGUMENT

### a. USA Work Solutions Is an Unrepresented Corporate Party

As a preliminary issue, the Motion should be denied, or at the very least should not be considered, with respect to USA Work Solutions because it is a corporate party purporting to appear in federal court without licensed counsel.[3] The Fifth Circuit has endorsed "the well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Indeed, the statute authorizing individuals to appear in federal court *pro se* is silent as to corporations' ability to do so, which courts have "interpreted as barring corporations from appearing in federal court without an attorney." *Id.* (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)). Here, Hanif, who is not a licensed attorney, has submitted the Motion "on behalf of [himself] and USA Work Solutions LLC." (Motion p. 1.) As USA Work Solutions is a limited liability company, it is well established that its purported representation by Hanif, who is not a licensed attorney, is improper. *See, e.g.*, *S.E.C. v. Thomas*, No. 3:13-CV-739-L, 2015 WL

---

[3] Because Defendants have also jointly submitted an Answer to Plaintiff's Complaint and Affirmative Defenses (Dkt. 30; "Answer") without licensed counsel, Nutramax also intends to file a motion to strike the Answer pursuant to Federal Rule of Civil Procedure 12(f) with respect to USA Work Solutions for the same reason.

568983, at *2 (N.D. Tex. Feb. 11, 2015) ("Although an individual has the right to proceed *pro se*, business entities such as limited liability companies—as fictional legal persons—have no such right, and must be represented by licensed counsel." (citing *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982))); *Galan v. OCGV, LLC*, 5:24-cv-00427-XR, ECF No. 23, at *5 (W.D. Tex. Jan 15, 2025) (holding that a limited liability company cannot proceed *pro se* in federal court and entering default judgment); *Chaves v. Cogent Med. Lab'y, LLC*, No. 5:19-cv-00861-ESC, 2020 WL 5096946, at *2 (W.D. Tex. Aug. 28, 2020) ("[A]n LLC cannot represent itself *pro se* in this action."); *Campanile Invs. LLC v. Westmoreland Equity Fund LLC*, No. 5:17-cv-00337-FB, 2019 WL 1865287, at *2 (W.D. Tex. Apr. 25, 2019) (recognizing that a limited liability company cannot represent itself without licensed counsel in federal court); *J & J Sports Prods., Inc. v. Moso Ventures, Inc.*, No. 3:11-cv-1767-N(BF), 2012 WL 3846536, at *1 (N.D. Tex. Aug. 10, 2012) (explaining that an officer may not represent a corporate defendant *pro se*), *R. & R. adopted*, No. 3:11-cv-01767-N, 2012 WL 3846514 (N.D. Tex. Sept. 5, 2012). Accordingly, Nutramax requests that the Court deny the Motion insofar as USA Work Solutions seeks relief.

**b.  Defendants Fail to Challenge the Legal Sufficiency of the Operative Complaint**

Putting USA Work Solutions' problematic status as an unrepresented limited liability company aside, the Motion should be denied as to both Defendants because it fails to challenge the legal sufficiency of the First Amended Complaint—the core inquiry under Rule 12(b)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is a motion that tests the sufficiency of the complaint itself." *Lanier v. Dallas Area Rapid Transit Auth.*, No. 3:95-CV-3084-DES, 1997 WL 326371, at *1 (N.D. Tex. June 4, 1997). Defendants' brief "Request," which spans only a single page of text, does no such thing. Rather than arguing that Nutramax has failed to adequately plead any of the five causes of action asserted against Defendants in the First

Amended Complaint, Defendants merely contend that they "were wrongfully included in this lawsuit." (Motion p. 1.) Defendants go on to provide their own competing sets of facts claiming that "USA Work Solutions LLC provided limited third-party logistics services to an indirect client introduced through a broker" and that they "immediately stopped" providing such services upon learning the products at issue were counterfeit (that is, after the Complaint's filing). (*Id.*) But nowhere in the Motion do Defendants even attempt to contest the legal sufficiency of the factual allegations and claims as pleaded in the First Amended Complaint. (*See generally* Motion.) Rule 12(b)(6) does not allow defendants free rein to challenge a complaint in any manner they see fit or merely contest the accuracy of its allegations; to the contrary, it provides a limited vehicle for seeking dismissal of a legally deficient complaint. *See Miller v. Miller*, No. 22-CV-335, 2022 WL 2161944, at *2 (W.D. La. June 13, 2022) (denying 12(b)(6) motion that "does not challenge the sufficiency of the allegations in the complaint" but instead "asserts that the claims presented are untimely"), *R. & R. adopted*, No. 5:22-CV-00335, 2022 WL 2161945 (W.D. La. June 15, 2022). Defendants' argument that they were "wrongfully" named in this lawsuit therefore has no place here.

Moreover, a 12(b)(6) motion is not an opportunity to introduce new facts. As explained above, "[w]hen ruling on a 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant." *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 577 (N.D. Tex. 2005). In the Complaint, Nutramax alleges that Defendants sold and/or distributed infringing counterfeit COSAMIN products. (Complaint, ¶¶ 20–21.) Instead of challenging whether Nutramax has alleged facts supporting a claim for relief, Defendants instead seek dismissal by introducing their own competing and contradictory set of facts. (*See* Motion p. 1 (claiming Defendants did not "participate[] in the purchase, sale, manufacture, distribution,

marketing, or advertising of the allegedly counterfeit product," while simultaneously admitting Defendants provided "logistics services" in connection with the counterfeit products at issue).) The law in this Circuit is clear that "merely offering a different version of the facts is insufficient to prevail on a Rule 12(b)(6) motion." *Arevalo v. City of Farmers Branch, Texas*, No. 3:16-CV-1540-D, 2017 WL 1153230, at *8 (N.D. Tex. Mar. 28, 2017); *see also Cook v. Hinds Cnty. Bd. of Supervisors*, No. 3:22-CV-643-DPJ-FKB, 2023 WL 5354161, at *2 (S.D. Miss. Aug. 21, 2023) ("[U]nder Rule 12(b)(6), the movant may not seek dismissal based on factual disputes with the plaintiff's pleadings."). Because the Motion rests solely on the introduction of facts outside the four corners of the First Amended Complaint and fails to challenge the sufficiency of the allegations contained in that Complaint, the Court should deny Defendants' Motion on the merits.

## IV.    CONCLUSION

For the foregoing reasons, the Motion offers no legally cognizable basis for dismissing Nutramax's claims against Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) or otherwise. Accordingly, Nutramax respectfully requests that the Court deny Defendants' Motion.

Respectfully submitted, this 29th day of July, 2026.

By:     */s/ Uly S. Gunn*

Jason D. Rosenberg (admitted PHV)
*jason.rosenberg@alston.com*
Georgia Bar No. 510855
Mary Grace Gallagher (admitted PHV)
*marygrace.gallagher@alston.com*
Georgia Bar No. 121954
Uly S. Gunn (admitted PHV)
*sam.gunn@alston.com*
Georgia Bar No. 261871
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

Brady Cox
brady.cox@alston.com
Texas Bar No. 24074084
**ALSTON & BIRD LLP**
2200 Ross Avenue
Suite 2300
Dallas, Texas 75201
Tel: (214) 922-3400
Fax: (214) 922-3899

*Attorneys for Plaintiffs Nutramax Laboratories, Inc., Nutramax Laboratories Veterinary Sciences, Inc., and Nutramax Laboratories Consumer Care, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, the foregoing was filed with the Court's CM/ECF system, which will automatically give notice to all counsel of record.

I hereby further certify that, on July 29, 2026, I will serve the foregoing on the following via First Class Mail:

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account dealshtx"
14041 Chrisman Rd., Ste. 2B
Houston, TX 77039-1927

Eco Kommerce LLC
5900 Balcones Dr. 5695
Austin, TX 78731

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account luxemerchandise"
5900 Balcones Drive 20204
Austin, TX 78731

Samra Rehman
5900 Balcones Drive 20204
Austin, TX 78731

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account aayash"
5900 Balcones Drive 5695
Austin, TX 78731

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account SUPER DEALS 804"
5900 Balcones Drive 5695
Austin, TX 78731

Aman
5900 Balcones Drive 5695
Austin, TX 78731

Rasheed Hassam
5900 Balcones Drive 5695
Austin, TX 78731

9

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account apex-gobal-store"
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account brixomart"
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account primeusawarehouse"
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account ameristockstore"
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account vital_edge"
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

"The Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Account mwaqase-22"
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

Beamer LLC
1106 Wisterwood Drive, Unit G
Houston, TX 77043-5222

USA Work Solutions LLC
1411 Upland Drive
Houston, TX 77043

Muhammad Awais Hanif
1411 Upland Drive
Houston, TX 77043

Belal Shwel
14041 Chrisman Rd., Ste. 2B
Houston, TX 77039-1927

This 29th day of July, 2026.

*s/ Uly S. Gunn*
Uly S. Gunn

Case 1:26-cv-00314-RP    Document 34    Filed 07/29/26    Page 11 of 11