IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NUTRAMAX LABORATORIES, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:26-CV-314-RP |
| | § | |
| ECO KOMMERCE LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Plaintiffs Nutramax Laboratories Consumer Care, Inc., Nutramax Laboratories Veterinary Sciences, Inc., and Nutramax Laboratories, Inc. (together, "Plaintiffs") filed a complaint, (Dkt. 1), and an amended complaint, (Dkt. 16), alleging patent infringement against a collection of individual and corporate or LLC defendants. Defendants USA Work Solutions, LLC ("Work Solutions") and Muhammad Awais Hanif ("Hanif"), who is the sole owner and managing member of Work Solutions, jointly filed an Answer, (Dkt. 30), and a Motion to Dismiss, (Dkt. 31). Hanif represents that both he and Work Solutions are proceeding pro se. (Dkt. 30, at 1). On August 5, 2026, Plaintiffs filed a Motion to Strike Hanif and Work Solutions' Answer on the basis that an LLC cannot proceed pro se. (Dkt. 35). That motion was filed as opposed, but no party has filed a response in opposition.[1]

It is well established that, while natural persons have the right to represent themselves or proceed pro se under this statute, corporations are fictional legal persons who may only be represented by licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)); *Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982). Even if the person

[1] Under Local Rule CV-7(e), this Court could grant the motion as unopposed. W.D. Tex. Loc. R. CV-7(e)(2).

maintaining that they are representing the corporation is the president or major stockholder of the company, the corporation must acquire a licensed attorney to represent it in court. *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). When a corporation declines to hire counsel to represent it and is a defendant, the court may strike its defenses. *See Donovan*, 736 F.2d at 1005.

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Strike, (Dkt. 35). **IT IS ORDERED** that Hanif and Work Solutions' Answer, (Dkt. 30), is **STRICKEN**. For the same reasons, the Court will *sua sponte* strike Hanif and Work Solution's Motion to Dismiss, (Dkt. 31), and therefore **IT IS FURTHER ORDERED** that the Motion to Dismiss, (Dkt. 31), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Hanif shall file an answer or otherwise respond to Plaintiffs' Amended Complaint **on or before October 9, 2026**, either (1) representing only himself pro se, or (2) having obtained counsel.

**IT IS FURTHER ORDERED** that Work Solutions shall obtain counsel and file an answer or otherwise respond to Plaintiffs' Amended Complaint **on or before October 9, 2026**.

**IT IS FINALLY ORDERED** that the Clerk send notice by certified mail, including copies of the Motion to Strike, (Dkt. 35), and this order, to Hanif and Work Solutions at the following addresses:

USA Work Solutions, LLC, and Muhammad Awais Hanif
1411 Upland Drive
Houston, TX 77043

**SIGNED** on September 9, 2026.



ROBERT PITMAN
UNITED STATES DISTRICT JUDGE