RECEIVED
October 08, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: PG
DEPUTY

FILED
October 08, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: PG
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NUTRAMAX LABORATORIES, INC., NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC., and NUTRAMAX LABORATORIES CONSUMER CARE, INC., | § | Civil Action No. 1:26-cv-00314-RP |
| | § | JURY TRIAL DEMANDED |
| Plaintiffs, | § | |
| v. | § | |
| ECO KOMMERCE LLC; SAMRA REHMAN; AMAN; RASHEED HASSAM; BEAMER LLC; BELAL SHWEL; MUHAMMAD AWAIS HANIF; USA WORK SOLUTIONS LLC; the Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Accounts “DealsHTX,” “luxemerchandise,” “apex-gobal-store,” “aayash,” “SUPER DEALS 804,” “brixomart,” “primeusawarehouse,” “ameristockstore,” “vital_edge,” “mwaqase-22”; and JOHN DOES 1 THROUGH 10, each of which is an Individual, Partnership, Business Entity, or Unincorporated Association, | § | |
| Defendants. | § | |

**DEFENDANT MUHAMMAD AWAIS HANIF’S ANSWER TO PLAINTIFFS’ FIRST AMENDED COMPLAINT**
(Filed pro se in his individual capacity only)

Defendant Muhammad Awais Hanif (“Defendant”), appearing pro se and solely in his individual capacity, answers Plaintiffs’ First Amended Complaint as follows. Any allegation not expressly admitted below is denied.

## RESPONSES TO THE NUMBERED ALLEGATIONS

**¶¶ 1–16.** These paragraphs concern Plaintiffs' corporate identities and the identities and alleged conduct of other defendants. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent any allegation in these paragraphs is directed at Defendant personally, it is denied.

**¶¶ 17–18.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the eBay seller accounts "vital_edge" and "mwaqase-22" and therefore denies them. Defendant admits only that 1106 Wisterwood Dr., Unit G, Houston, Texas 77043 was at one time a business location of USA Work Solutions LLC. Defendant denies that he advertised, offered for sale, sold, or distributed any product referenced in these paragraphs.

**¶¶ 19.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Beamer LLC and therefore denies them. Defendant specifically denies that he or USA Work Solutions LLC has any ownership, membership, officer, employment, banking, lease, or other relationship with Beamer LLC, and denies that he authorized, directed, or participated in any conduct alleged in this paragraph.

**¶¶ 20.** Defendant admits that USA Work Solutions LLC is a Texas limited liability company, that he is its owner, and that its address of record with the Texas Secretary of State is 94 Legend Lane, Houston, Texas 77024. Defendant admits that USA Work Solutions LLC at one time maintained a business location at 1106 Wisterwood Dr., Unit G, Houston, Texas 77043. Defendant DENIES that USA Work Solutions LLC sold or distributed counterfeit COSAMIN products or any other counterfeit product. Defendant states that USA Work Solutions LLC provided packing and shipping services only, for a per-item fee, using products and prepaid shipping labels supplied or arranged by third parties.

**¶¶ 21.** Defendant admits that he is the owner and registered agent of USA Work Solutions LLC. Defendant DENIES that he personally authorized, directed, or participated in the distribution or sale of any counterfeit product. Defendant denies that he owned, operated, or controlled any eBay seller account; created, managed, or priced any product listing; purchased, sourced, imported, or took title to any product at issue; communicated with any end customer regarding any sale; or received any proceeds from any sale.

**¶¶ 22–24.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning "DealsHTX," Belal Shwel, and John Does 1 through 10, and therefore denies them. Defendant denies that he knew or had reason to know of any infringing activity or that he materially contributed to any such activity.

**¶¶ 25–26.** These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest the Court's subject-matter jurisdiction over Plaintiffs' federal claims.

**¶¶ 27.** Defendant admits that USA Work Solutions LLC is organized under the laws of Texas with its place of business in Texas. The remainder states a legal conclusion to which no response is required.

**¶¶ 28–29.** These paragraphs state legal conclusions to which no response is required. Defendant does not contest venue. To the extent these paragraphs allege that Defendant committed tortious acts or caused injury, they are denied.

**¶¶ 30–70.** These paragraphs concern Plaintiffs' business, products, trademark registrations, copyright registrations, and reputation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

**¶¶ 71–118.** These paragraphs describe Plaintiffs' test purchases and consumer purchases from eBay seller accounts and the alleged differences between genuine and purchased product. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. Defendant has never inspected the products Plaintiffs purchased and has no basis to admit or deny that any product is counterfeit. Defendant denies that he advertised, offered for sale, sold, or distributed any such product.

**¶¶ 119–128.** These paragraphs allege harm to Plaintiffs and danger to consumers. Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. Defendant specifically denies the allegation that his conduct was undertaken with malice or constitutes fraud, and denies that he holds or controls any remaining inventory of the products at issue.

**¶¶ 129.** Defendant incorporates his responses to the preceding paragraphs.

**¶¶ 130–131.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' marks and therefore denies them. Defendant DENIES that he used any mark of Plaintiffs in commerce in connection with the sale, offering for sale, or distribution of any goods, and denies that any act of his was likely to cause confusion, mistake, or deception.

**¶¶ 132–136.** DENIED. Defendant specifically denies that he had knowledge of Plaintiffs' trademark rights at the relevant time, that he intentionally used any counterfeit of Plaintiffs' marks, that he attempted to pass himself off as Plaintiffs or an authorized retailer or distributor, and that any conduct of his was knowing, willful, intentional, or wanton. Defendant denies that Plaintiffs are entitled to any relief against him, including injunctive relief, seizure, actual damages, treble damages, profits, statutory damages, costs, or attorney's fees.

**¶¶ 137.** Defendant incorporates his responses to the preceding paragraphs.

**¶¶ 138–142.** DENIED as to Defendant, in whole.

**¶¶ 143–149.** DENIED as to Defendant, in whole. Defendant lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiffs' common-law rights and therefore denies them.

**¶¶ 150–156.** DENIED as to Defendant, in whole.

**¶¶ 157–159.** Defendant incorporates his responses to the preceding paragraphs and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' copyright ownership and registrations, and therefore denies them.

**¶¶ 160–171.** DENIED as to Defendant, in whole. Defendant specifically denies that he copied, reproduced, created any derivative work from, displayed, or distributed any work of Plaintiffs, and denies that any conduct of his was knowing, willful, deliberate, or in reckless disregard of Plaintiffs' rights.

**¶¶ Prayer.** Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, or to any relief whatsoever, as against Defendant individually.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof he does not otherwise bear, and reserving the right to amend, Defendant asserts the following defenses.

**1. Failure to state a claim.** The First Amended Complaint fails to state a claim against Defendant individually. The only allegations connecting him to the conduct alleged are pleaded "upon information and belief" and rest on a shared business address.

**2. No use in commerce.** Defendant did not use any mark of Plaintiffs in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods. He never held title to the products, set no price, made no sale, and was never held out to any consumer as the seller or distributor.

**3. No volitional conduct; no transfer of ownership.** Defendant engaged in no volitional conduct causing any reproduction, display, or distribution of a copyrighted work, and never transferred ownership of any copy.

**4. No personal participation.** Defendant did not personally participate in, direct, control, ratify, or act as a moving force behind any infringing act, and is not individually liable for the acts of any entity or third party.

**5. Passive intermediary.** Any involvement of Defendant was limited to passive fulfillment services performed for a per-item fee at the direction of third parties, who supplied the products, the shipping labels, and the fulfillment instructions.

**6. Lack of knowledge; innocent infringement.** Defendant had no knowledge, and no reason to know, that any product presented for fulfillment was alleged to be counterfeit or infringing.

**7. No willfulness.** No act of Defendant was willful, intentional, or in reckless disregard of Plaintiffs' rights. Plaintiffs are therefore not entitled to enhanced or statutory damages at any willfulness-based tier.

**8. Intervening and superseding cause.** Any injury Plaintiffs suffered was caused by the independent acts of third parties over whom Defendant had no control.

**9. De minimis involvement.** Any involvement of Defendant was de minimis in volume and in economic benefit.

**10. Disproportionate damages.** Any award of statutory damages must bear a plausible relationship to Plaintiffs' actual damages. An award untethered from the few dollars in fulfillment fees at issue would be unconstitutionally excessive.

**11. Failure to mitigate.** Plaintiffs failed to mitigate any damages they claim to have suffered.

**12. Reservation.** Defendant reserves all defenses available under the Federal Rules of Civil Procedure and applicable law, including any disclosed through discovery.

## PRAYER

Defendant Muhammad Awais Hanif respectfully requests that the Court dismiss Plaintiffs' claims against him individually with prejudice, enter judgment that he take nothing, award him his costs, and grant such other relief as the Court deems just.

Respectfully submitted this 8th day of October, 2026.

Awais Hanif

Muhammad Awais Hanif
Defendant, Pro Se
94 Legend Lane
Houston, Texas 77024
Telephone: (832) 603-2224
Email: awaisusa87@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, a true and correct copy of the foregoing was served on counsel for Plaintiffs by electronic mail at: Uly S. Gunn, sam.gunn@alston.com; and Brady Cox, brady.cox@alston.com.

Awais Hanif

Muhammad Awais Hanif